RUSSELL BLAIR, Petitioner, *v*. GEORGE ARIYOSHI, et al., Respondents

NO. 5537

NOVEMBER 15, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* This is an original proceeding[1] wherein petitioner filed a Petition for a Writ of Mandamus requesting this court to compel the respondents, 1973 Legislative Reapportionment Commission, to comply with the "equal proportions" mandate[2] of Article III, Section 4, of the Constitution of the State of Hawaii.

Petitioner's specific complaint centers on the following portion of respondents' "Report and Reapportionment Plan

---

[1] Article III, Section 4, last paragraph, of the Constitution of the State of Hawaii provides:

MANDAMUS AND JUDICIAL REVIEW

Original jurisdiction is vested in the supreme court of the State to be exercised on the petition of any registered voter whereby it may compel, by mandamus or otherwise, the appropriate person or persons to perform their duty or to correct any error made in a reapportionment plan, or it may take such other action to effectuate the purposes of this section as it may deem appropriate. Any such petition must be filed within forty-five days of the date specified for any duty or within forty-five days after the filing of a reapportionment plan.

[2] Paragraph 11 entitled "Apportionment Among Basic Island Units" of Article III, Section 4, of the Constitution of the State of Hawaii provides:

of the 1973 Legislative Reapportionment Commission'' on page 10:

> The apportionment among the basic island units was made on the basis of the number of voters registered in the last preceding (1972) general election in each of the basic island units and computed by the method known as the method of equal proportions in accordance with paragraph 11 of article III, section 4, of the Constitution of the State of Hawaii, *except that the last house seat allocable to the basic island unit of Oahu under the method was allocated to the basic island unit of Kauai.* (Emphasis added.)

The factual situation is that the basic island unit of Kauai is underrepresented in the senate and to balance off this underrepresentation, the respondents allocated the last house seat allocable to the basic island unit of Oahu to the basic island unit of Kauai.

Respondents' "Report and Reapportionment Plan" on pages 12-13 states as follows:

> By the method of equal proportions, the last representative seat was allocable to Oahu because of the inability of Kauai's registered voter count to command this last seat. Assigning this last seat to Oahu, however, results in a severe underrepresentation for Kauai in the house by +18.52%. Similarly, in the senate, Kauai's registered voter count is unable to command a second senate seat; but the assignment of only one senate seat results in underrepresentation in the State senate by +16.19%. When the senate and house are combined and viewed together, the percent deviation of the average

---

The commission shall allocate the total number of members of each house being reapportioned among the four basic island units, namely (1) the island of Hawaii, (2) the islands of Maui, Lanai, Molokai and Kahoolawe, (3) the island of Oahu and all other islands not specifically enumerated, and (4) the islands of Kauai and Niihau, on the basis of the number of voters registered in the last preceding general election in each of the basic island units and computed by the method known as the method of equal proportions, except that no basic island unit shall receive less than one member in each house.

number of registered voters per legislator for the basic island unit of Kauai reflects a significant underrepresentation of +17.75% from the statewide average. On a senate-house combined basis, the total percent variation between the basic island units with the largest (Kauai) and smallest (Maui) number of registered voters per legislator is 25.57%.

Because of the gross underrepresentation of +18.52% and +16.19% that results in both the house and the senate, respectively, and the marked disparity of 25.57% between the basic island units with the largest and smallest number of registered voters per legislator by assigning only two representative seats to the basic island unit of Kauai, the commission assigned the last seat, otherwise allocable to Oahu, to Kauai. By assigning three representatives to Kauai, minimization of voting strength of a Kauai voter is avoided without significant detriment to Oahu. With three representatives, Kauai is overrepresented in the house with a percent deviation from statewide average of −20.98, which when coupled with the senate underrepresentation of +16.19% from the statewide average produces a combined percent deviation from the statewide average number of registered voters per legislator of −11.69%. The overrepresentation created for Kauai in the house is largely offset by the underrepresentation in the senate for Kauai. . . .

With three representatives for Kauai, the total percent variation between the basic island units with the largest (Oahu) and smallest (Kauai) number of registered voters per legislator is reduced to 13.55%. When faced with the choice of a 17.75% underrepresentation for Kauai on a senate-house combined basis if only two house seats were allocated or an 11.69% overrepresentation for Kauai on a senate-house combined basis if three house seats were allocated; not only the one man - one vote principle but also common sense and fairness dictated the commission in distributing three house seats to Kauai, particularly when the effect thereof is miniscule to

Oahu which already has an overwhelming majority and control of both the State senate and house. For these reasons, the commission concluded there is sufficient justification in this instance to assign three representatives to the basic island unit of Kauai.

Petitioner maintains that, notwithstanding the underrepresentation of the basic island unit of Kauai in the senate, the respondents must adhere to the literal meaning of said paragraph 11 of Article III, Section 4.

Respondents contend that the mandate set forth in paragraph 11, Article III, Section 4, of the Constitution of the State of Hawaii, should be construed to permit the Reapportionment Commission to consider the effect of apportionment in one house of the legislature in balancing off inequities in the representation of certain areas in the other house.

Respondents further contend that the reapportionment plan in question here is an equitable and reasonable one, not hastily reached but deliberately achieved and does not exceed constitutional limits.

In addition, respondents contend that if they had strictly adhered to the method of equal proportions in the allocation of house seats to the basic island unit of Kauai, notwithstanding the underrepresentation in the senate, the resulting discrimination against the population of the basic island unit of Kauai would be proscribed by the Equal Protection Clause of the United States Constitution.

We are of the opinion that the contentions of the respondents are valid and well supported by the authoritative cases. *Mahan v. Howell*, 410 U.S. 315 (1973); *Burns v. Richardson*, 384 U.S. 73 (1966); *Reynolds v. Sims*, 377 U.S. 533, 577 (1964); *Maryland Committee for Fair Representation v. Tawes*, 377 U.S. 656 (1964).

Furthermore, in the light of the declaration of *Burns v. Gill*, 316 F.Supp. 1285, 1300-01 (1970), that the provision of said Article III, Section 4, "Minimum Representation for Basic Island Units", which provided for augmentation of underrepresentation by election of senators or representatives with fractional vote is unconstitutional, we

are satisfied that the allocation in question herein is an eminently reasonable one and the respondents have made a good faith effort to achieve statewide voting equality.

Petition is denied.

*Russell Blair*, petitioner, pro se.

*Nobuki Kamida*, Deputy Attorney General (*George Pai*, Attorney General, of counsel) for *George Ariyoshi*, Lieutenant Governor, State of Hawaii.

*James T. Funaki* (*Okumura and Takushi* of counsel) for respondents, *Yukio Naito*, et al.